1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8    SERGIO RUBIO PACHECO,

9                          Petitioner,        Case No. C25-581-JLR-MLP

10        v.                                  REPORT AND RECOMMENDATION

11   UNITED STATES OF AMERICA,

12                          Respondent.

13

14                      I.        INTRODUCTION

15        Petitioner Sergio Rubio Pacheco is a federal prisoner who is currently confined at the

16   Federal Detention Center ("FDC") in SeaTac, Washington. He submitted to the Court for filing a

17   petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. # 8.) The petition has not been

18   served on Respondent. After careful review of the petition, the balance of the record, and the

19   governing law, this Court concludes that Petitioner's federal habeas petition should be dismissed.

20                      II.        DISCUSSION

21        Petitioner indicates in his petition that he is unfairly being housed in the Special Housing

22   Unit ("SHU") at the FDC due to racial discrimination, despite being found innocent in the

23   incident that led to him initially being placed there. (Dkt. # 8 at 1.) On June 16, 2025, the Court

REPORT AND RECOMMENDATION - 1

issued an Order to Show Cause in which it observed that it did not appear Petitioner had asserted a habeas claim. (Dkt. # 9.) The Court explained that the writ of habeas corpus is "limited to attacks upon the legality or duration of confinement" and is not available to prisoners who attack the terms and conditions of their confinement. (*Id.* at 1-2 (quoting *Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023)).) The Court noted that Petitioner's claim of unfairly being housed in the SHU did not constitute a challenge to the fact or duration of his sentence, rather, it was a challenge only to the location where he is currently serving the custodial portion of his sentence. (*Id.* at 2.) The Court explained that such a challenge would not, if successful, lead to Petitioner's immediate or earlier release from custody and, thus, that Petitioner's claim was not cognizable under § 2241. (*Id.*)

The Court ordered Petitioner to show cause by July 16, 2025, why his petition and this action should not be dismissed for failure to state a cognizable claim for federal habeas relief. (Dkt. # 9 at 2.) Petitioner was warned that failure to timely respond to the Order would result in a recommendation that this action be dismissed. (*Id.*) To date, Petitioner has not responded to the Order to Show Cause.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's federal habeas petition (dkt. # 8) and this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION - 2

1  motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

2  be filed by **the day before the noting date**. If no timely objections are filed, the matter will be

3  ready for consideration by the District Judge on **August 22, 2025**.

4        The Clerk is directed to send copies of this Report and Recommendation to Petitioner and

5  to the Honorable James L. Robart.

6        Dated this 1st day of August, 2025.

7

8        MICHELLE L. PETERSON
         United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 3